In re Liquidation of Wisconsin Savings Loan & Building Association : Moskol, Appellant, vs. Banking Commission and another, Respondents.

*May 5—June 1, 1942.*

*H. S. Winnecour* of Milwaukee, for the appellant.

*John J. Devos* of Milwaukee, attorney, and *Edward C. Plantz, in pro. per.,* for the respondents.

MARTIN, J.   Milwaukee Properties Bureau, Inc., a Wisconsin corporation, acted as selling agent for the special deputy commissioner in charge of the liquidation of the Wisconsin Savings Loan & Building Association, owner of the property in question prior to liquidation.   On July 30, 1941, appellant Moskol submitted an offer to purchase the property in question for the sum of $9,500.   The offer was directed to the owner of the property, and was upon a printed form signed by Moskol.   Following the offer on the printed form was a form receipt which was signed by Hiller-Armitage Company, broker, agent for the offeror, in which said broker receipted for $250 earnest money and agreed to deliver said money within forty-eight hours to Milwaukee Properties Bureau, Inc.   The printed form, designated "Offer to purchase—with acceptance," contains a blank form to be signed and filled in by the special deputy commissioner.   The acceptance has never been signed or filled in.   The offer, which was transmitted through Hiller-Armitage Company to the Milwaukee Properties Bureau, was delivered to the special deputy commissioner on or about August 18, 1941.

Moskol's offer was to purchase the property at $9,500 on a land contract payable over a period of years.   The property had been listed with the Milwaukee Properties Bureau to sell at $10,000, at which time various repairs were in process of

completion. The special deputy rejected Moskol's offer on August 20, 1941, and so advised the Milwaukee Properties Bureau. On or about August 22, 1941, Charles W. Gaenslen and wife submitted an offer to purchase at $10,000 with a tender of a down payment of $2,000 and specified monthly payments in accordance with the customary practice in sales handled through the Milwaukee Properties Bureau. Moskol was advised of the Gaenslens' offer of $10,000 and was given an opportunity to meet it, which he did in writing on August 23, 1941. On September 3, 1941, the special deputy commissioner petitioned the circuit court for an order authorizing the acceptance of the amended offer of Moskol. This petition had indorsed thereon the approval of the Banking Commission. Thereupon, the court entered its order of September 3, 1941, which provides that Edward C. Plantz, as special deputy commissioner, be empowered, authorized, and directed, (1) to accept the offer to purchase from Hyman Moskol; (2) to execute and deliver a land contract; (3) to pay, upon completion of sale, the broker's commission; and (4) to execute and deliver upon receipt of all sums a liquidator's deed.

On or about the same date Gaenslen and wife submitted a second offer to purchase said property, for $10,500, all cash. On September 6, 1941, Moskol was given an opportunity to meet the increased offer and was advised that the matter would be held open for that purpose until 11 a. m., September 10, 1941. Instead of meeting the offer, Moskol elected to stand on his previous offer, and thereupon tendered a certified check in the sum of $1,750 and demanded that a land contract be executed and delivered to him. The tender and demand were rejected by the special deputy commissioner, and on September 22, 1941, an order was entered vacating the order of September 3, 1941, and approving the Gaenslens' offer of $10,500 cash which had previously been approved by the Banking Commission. Next followed the petition of Moskol

and the order to show cause to which reference has been made, which motion and petition were denied on October 27, 1941.

Appellant contends that the approval of his amended offer of $10,000 by the Banking Commission and by the court fulfilled all statutory requirements, and that the subsequent offer by Charles W. Gaenslen and Hattie Gaenslen, his wife, of $10,500 cash should not have been considered. The applicable statutes as to the powers and duties of the special deputy commissioner provide as follows:

Sec. 215.33 (2) (c), Stats.:

". . . Such special deputy commissioner *may* execute, acknowledge and deliver any and all deeds, assignments, releases or other instruments necessary and proper to effect any sale and transfer or incumbrance of real estate or personal property and may borrow money for use in the liquidation *after* the same has been approved by the banking commission, and an order obtained from the circuit court of the county in which said association is located, as hereinafter provided."

Sec. 215.33 (2) (d), Stats.:

"Upon taking possession of the property and business of such building and loan association, the special deputy commissioner of banking is authorized to collect all moneys due to such building and loan association, and do such other acts as are necessary to conserve its assets and business, and shall proceed to liquidate the affairs thereof as hereinafter provided. He shall collect all debts due and claims belonging to it, and upon a petition approved by the banking commission and upon order of the circuit court of the county in which such association is located, *may* sell or compound all bad or doubtful debts, or do any act or execute any other necessary instruments *and upon like petition and order may sell all the real and personal property of such building and loan association on such terms as the court shall approve. . . .*"

Appellant's offer of July 30, 1941, is addressed, "To the owner of the property hereinafter described." The terms of sale are then set out. Then follows:

"This agreement shall be subject to the approval of the Banking Commission of Wisconsin and an order of the circuit court of Milwaukee county, Wisconsin."

Below the signature of the appellant is the form of acceptance to be signed by the special deputy commissioner after approval by the Banking Commission and an order by the circuit court. This form is as follows:

"The above offer having been approved by Banking Commission of Wisconsin, and an order by the court, is hereby accepted and receipt acknowledged of the earnest money above mentioned this —— day of —— 194 –.

"The undersigned hereby agrees to sell and convey the above-mentioned property on the terms and conditions as set forth.

"BANKING COMMISSION OF WISCONSIN,
"By: —— ——,
"Special Deputy Commissioner
of Banking (Seller)."

. It is apparent that the statutes above quoted require the following steps as necessary to the formation of a contract for the sale of real estate after an offer to purchase has been received: (1) Approval of the offer by the Banking Commission; (2) approval of the offer by the circuit court; and (3) the acceptance of the offer by the special deputy. In the instant proceedings there has been no acceptance of appellant's offer or his amended offer by the special deputy.

Sec. 240.08, Stats., provides:

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

Appellant argues that the special deputy commissioner is but the ministerial officer of the Banking Commission, to carry out the things that the commission decides to do; also

argues that in the last analysis it is really the court and not the Banking Commission or the special deputy commissioner that exercises the powers causing a given piece of property to be sold. Neither argument is sustainable in view of the powers and duties of the special deputy commissioner as specified in sec. 215.33 (2) (c) and (d), above quoted. It is the special deputy commissioner who is clothed with the power and authority to sell. The fact that the Banking Commission and the court must approve the sale does not deprive the special deputy of any of the powers and authority conferred upon him by the statutes. Nor does the fact that the court must approve bring the sale within any of the classes of judicial sales. The deputy commissioner has the custody and possession of all the assets for the purpose of liquidation. He is charged with the duty of fixing the price and terms in consummating all sales, the collecting of assets, and the distributing of the proceeds to the stockholders. It is his duty to accept offers and consummate sales, only after approval by the Banking Commission and the circuit court has been given.

We think it clear that no valid contract of sale was made by the appellant and the special deputy commissioner of banking. As said by the trial court:

"The special commissioner was not precluded by any previous act on his part, or on his behalf, or by any order or approval of the court, from accepting the most advantageous bid for the property in question."

*By the Court.*—The two orders appealed from are affirmed.

FRITZ, J., took no part.